UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIR KHAN ) <br> 1611 Courtney Landings Dr., Apt. 9207 ) <br> Charlotte, NC 28217 ) <br> Plaintiff, ) <br> v. ) <br> PAUL NOVAK, Director ) <br> Vermont Service Center ) <br> U.S. Department of Homeland Security, ) <br> U.S. Citizenship and Immigration ) <br> Services, in his official capacity, ) <br> as well as his successors and assigns, ) <br> 75 Lower Welden Street ) <br> St. Albans, VT 05479-0001 ) <br> and ) <br> EMILIO GONZÁLEZ, ) <br> Director, U.S. Citizenship & ) <br> Immigration Services, in his ) <br> official capacity, as well as his ) <br> successors and assigns, ) <br> 20 Massachuseetts Ave., N.W. ) <br> Washington, DC 20529 ) <br> and ) <br> ROBERT S. MUELLER, III, Director, ) <br> Federal Bureau of Investigation, ) <br> in his official capacity, ) <br> as well as his successors and assigns, ) <br> J. Edgar Hoover Building ) <br> 935 Pennsylvania Avenue, N.W. ) <br> Washington, DC 20535-0001 ) <br> Defendants. ) | COMPLAINT FOR MANDAMUS <br> UNDER 28 U.S.C. §1361 <br><br> CIVIL ACTION NO. |

## I. INTRODUCTION

1. This is a civil action brought to compel Defendants and those acting under the Defendants' direction to adjudicate the application for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act, 8 U.S.C. §1255, by Plaintiff on June 3, 2004 and also to adjudicate the petition for extension of H-1B status filed on March 31, 2006. The Defendants

have failed to timely adjudicate either the application for adjustment of status or application for extension of stay to the significant detriment of the Plaintiff as set out below.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1361 and §1331. This action is filed in response to unreasonable agency delay and failure to act on Plaintiff's adjustment of status application and application for extension of stay in violation of the Administrative Procedures Act ("APA") under 5 U.S.C.A. §702, as well as the failure to perform the mandatory duty to adjudicate the applications. Venue is properly with this Court because Defendant, Gonzalez who is sued in this official capacity is resident in Washington, DC. A substantial part of the events or omission giving rise to the claim occurred within this judicial district. Therefore, venue is proper under 28 U.S.C. §1391(e)(1).

3. Plaintiff is an adult individual who resides at 1611 Courtney Landings Drive, Apt. 9207, Charlotte, NC 28217. He is lawfully in the U.S. pursuant to the previous grant of nonimmigrant status and application for adjustment of status to permanent residence and extension of his nonimmigrant status.

4. Paul Novak is the District Director of the Vermont Service Center of the U.S. Citizenship and Immigration Service (USCIS) who is sued only his official capacity, as well as his successors and assigns. Plaintiff has filed his application for adjustment of status with that office and the office retains jurisdiction over the application. The USCIS, through the Vermont Service Center, has a mandatory duty to act on the application for adjustment of status within a reasonable period of time.

5. Emilio Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS) who is also sued only his official capacity, as well as his successors and

assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the adjudication of immigrant visa petitions as well as applications for permanent residence status under §245 of the Immigration and Nationality Act (INA).

6. Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation, who is also sued only his official capacity, as well as his successors and assigns, whose duties include ensuring timely completion of all requests made by the USCIS for security clearances. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

### III. BACKGROUND

7. Plaintiff is eligible for adjustment of status as a beneficiary of an approved Immigrant Petition for Alien Worker, pursuant to Section 204(a)(1)(F) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1154(a)(1)(F), as well as having filed on June 3, 2004, an application for adjustment of status to permanent residence. Plaintiff meets all of the requirements for adjustment of status to lawful permanent residence status.

8. On June 3, 2004, the plaintiff filed an Application for Adjustment of Status pursuant to §245 of the INA, 8 U.S.C. §1255, to obtain lawful permanent residence status. He was at that time in fully lawful status in the H-1B category. See §101(a)(15)(H), 8 U.S.C. §1101(a)(15)(H), as well 8 C.F.R. §214.2(h). He was and remains fully eligible for adjustment of status to permanent residence.

9. On March 31, 2006, a petition was filed on his behalf by his employer, The Vanguard Group to extend his stay in the United States. As part of the same petition, the Plaintiff applies for an extension of stay. There is no issue regarding the petition filed by the

employer. The sole reason for the failure to approve the extension of stay relates to the failure of the Defendants to complete the required security clearance that pertains to the extension of stay request.

10. The adjudication procedure involves the applicant's submission of the Application for Adjustment of Status. At the time of the filing of the application by the Plaintiff, that application was properly filed with the Vermont Service Center. It is the duty of the Vermont Service Center to timely adjudicate the application.

11. The Plaintiff has complied with all requests made by the USCIS to complete all of the necessary biometrics appointments as required. He has provided all of the information requested by the agency and has complied with all of the appointment notices.

12. Plaintiff, through legal counsel, has made repeated inquiries regarding the status of the Application for Adjustment of Status and Extension of Stay. The Plaintiff's counsel has been repeatedly advised that the only reason why the application for adjustment of status and extension of stay has not been approved is the failure to complete the required security checks. The current processing time on this type of petition/application is 63 days. It is the duty of the defendants and in particular, the Defendant, Robert Mueller, III to timely complete the security clearance process.

13. It is the stated goal of the USCIS to complete all adjudication within six months. Currently, the current listed processing time for the Vermont Service Center for application of this type is approximately 10 to 11 months.

### IV. STATUTORY AND REGULATORY FRAMEWORK

14. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

15. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361.

## V. CLAIM FOR RELIEF

16. Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating the application for adjustment of status and application for extension of stay thereby depriving Plaintiff of his right to lawful permanent residence status and extension of his H-1B status. Defendant, Mueller has failed to timely process the required security checks for the Plaintiff. Failure to adjudicate these applications denies the Plaintiff permanent residence status and the accrual of time to apply for U.S. citizenship, as well as the ability to continue his employment with The Vanguard Group.

17. Defendants owe Plaintiff the duty to act upon his application for adjustment of status and have unreasonably failed to perform that duty.

18. Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendants and those acting under them to perform their duty to adjudicate the application for adjustment of status owed to Plaintiff;

(2) Grant such other and further relief as this Court deems proper under the circumstances; and

(3)     Grant attorney's fees and costs of court.

_____
Thomas A. Elliot, Esquire
Suite 1250
1629 K Street, N.W.
Washington, DC 20006
202-429-1725
D.C. Bar # 259713


_____
Lawrence H. Rudnick
Steel, Rudnick and Ruben
Attorney for Plaintiff
1608 Walnut Street, Suite 1500
Philadelphia, PA 19103
(215) 546-4333

Date:  January 17, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Samir KHAN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Mecklenburg, NC
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Paul NOVAK, Director, Vermont Service Center, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services; Emilio GONZALEZ, Director, U.S. Citizenship & Immigration Services; Robert S. MUELLER, III, Director, Federal Bureau of Investigation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas A. Elliot, Esquire
Elliot & Mayock LLP
1629 K Street, N.W., Suite 1250
Washington, DC 20006-1641
(202) 429-1725

ATTORNEYS (IF KNOWN)

CASE NUMBER 1:07CV00166
JUDGE: Rosemary M. Collyer
DECK TYPE: Administrative Agency Rev
DATE STAMP: 01/24/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊗ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1361 and 5 U.S.C. Section 702 - writ of mandamus

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/22/2007   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.