## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SAMIR KHAN** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.** |
| | ) | **1:07-CV-00166(RMC)** |
| **PAUL NOVAK, Director, Vermont** | ) | |
| **Service Center, United States** | ) | |
| **Citizenship & Immigration Services,** | ) | |
| **et al.** | ) | |
| **Defendants.** | ) | |

### OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Counsel for the Respondents, Paul Novak, et al., request a seventeen (17) day extension of time in which to respond to the Complaint. First of all, it is clear that the Complaint was properly served on February 2, 2007. Notwithstanding the statement in the Motion that the U.S. Attorney believes the U.S. Attorney did not receive the Complaint on February 2, 2007, that statement is simply incorrect. Attached to this response is a copy of a return receipt card signed for at the Office of the Civil Process Clerk on February 2, 2007 (Exhibit "A"). We also enclose a copy of the Complaint and Summons that were served (Exhibit "B"). As you can see, the Complaint and Summons were directed to the Civil Process Clerk of the U.S. Attorney's Office and is correctly addressed. Whether the Complaint was mishandled within the U.S. Attorney's office is irrelevant to whether there was proper service. Clearly, proper service was made and that service was made on the Civil Process Clerk as designated.

Secondly, there is substantial prejudice to Samir Khan by any further delay in this matter. Plaintiff's counsel acted in good faith and contacted the U.S. Attorney's Office

about the lack of a response in the hopes of moving this matter forward in a good faith manner.  The defendants have denied the petitioner the ability to work in the United States.  As will be set forth more fully in a soon-to-be filed Motion for Summary Judgment, the defendants have systematically deprived Samir Khan of the ability to work in the United States by refusing to approve a routine extension of his stay in the H-1B category and, refusing to timely adjudicate his request for renewal of an employment authorization card.

Briefly stated, Samir Khan submitted an application for extension of stay of his H status on March 31, 2006.  Mr. Khan further paid an additional $1,000 in November, 2006 to expedite the approval of the petition.  Despite an obligation to act on that petition, the USCIS has failed to do so.

Moreover, he submitted an application for employment authorization on January 9, 2007.  By regulation, the USCIS is required to act on that petition within 90 days.  To date, the USCIS has refused to approve that application.  Most recently, Mr. Khan visited the Office of the USCIS closest to his residence in Charlotte, North Carolina on April 16, 2007 and was again refused the issuance of an employment authorization document. Therefore, Mr. Khan will have to cease employment in the United States.

Mr. Khan submitted an application for permanent residence status on June 3, 2004, nearly three years ago, which application the USCIS also refuses to act upon.

In summary, it is submitted that the Civil Process Clerk of the U.S. Attorney's Office was properly served on February 2, 2007 in accordance with Rule 4(h)(i) of the Federal Rules of Civil Procedure.  Moreover, there is substantial prejudice to the plaintiff

by any further delays in this matter in that he will lose his ability to work in the United

States.

_____/s/ Thomas A. Elliot___
Thomas A. Elliot, Esquire
ELLIOT & MAYOCK, LLP
D.C. Bar No. 259713
1629 K Street, N.W.
Suite 1250
Washington, DC 20006-1641
(202) 429-1725

Attorney for Plaintiff, Samir Khan

Date:   April 18, 2007

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Civil Process Clerk
U.S. Attorney's Office
555 4th Street, N.W.
Washington, DC  20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery

C. Signature
X   FEB 0 2 2007
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7001 0360 0000 8335 2963     LHR/16762-0405

PS Form 3811, July 1999     Domestic Return Receipt     102595-00-M-0952

---

UNITED STATES POSTAL SERVICE

SOUTHERN MD 20?

02 FEB 2007 PM 3 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

STEEL, RUDNICK & RUBEN, P.C.
1608 WALNUT STREET
SUITE 1500
PHILADELPHIA, PA 19103

w/CC

410 CO45

# UNITED STATES DISTRICT COURT
## District of Columbia

Samir Khan

**SUMMONS IN A CIVIL CASE**

V.

Paul Novak, Director,Vermont Service Center, United
States Citizenship & Immigration Services; Emilio
Gonzalez, Director USCIS; Robert S. Mueller, III,
Director Federal Bureau of Investigation

CASE NUMBER  1:07CV00166

CAS  JUDGE: Rosemary M. Collyer

DECK TYPE: Administrative Agency Rev

DATE STAMP: 01/24/2007

TO: (Name and address of Defendant)

Civil Process Clerk
U.S. Attorney's Office
555 4th Street, N.W.
Washington, DC 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Thomas A. Elliot
Elliot & Mayock LLP
1629 K Street, N.W.
Suite 1250
Washington, DC 20006-1641

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

JAN 2 4 2007

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>February 2, 2007 |
| NAME OF SERVER *(PRINT)*<br>Lawrence H. Rudnick | TITLE<br>Partner |

*Check one box below to indicate appropriate method of service*

G    Served personally upon the defendant. Place where served: _____

G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

     Name of person with whom the summons and complaint were left: _____

G    Returned unexecuted: _____

X G    Other (specify):   Certified Mail, Return Receipt Requested

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   02/20/2007
            Date

*Signature of Server*

Steel, Rudnick & Ruben
1608 Walnut Street, Suite 1500
Philadelphia, PA   19103

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## District of Columbia

Samir Khan

**SUMMONS IN A CIVIL CASE**

V.

Paul Novak, Director,Vermont Service Center, United
States Citizenship & Immigration Services; Emilio
Gonzalez, Director USCIS; Robert S. Mueller, III,
Director Federal Bureau of Investigation

CASE NUMBER    1:07CV00166

CAS: JUDGE: Rosemary M. Collyer

DECK TYPE: Administrative Agency Rev

DATE STAMP: 01/24/2007

TO: (Name and address of Defendant)

Civil Process Clerk
U.S. Attorney's Office
555 4th Street, N.W.
Washington, DC  20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Thomas A. Elliot
Elliot & Mayock LLP
1629 K Street, N.W.
Suite 1250
Washington, DC  20006-1641

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                          JAN 2 4 2007
_____         _____
CLERK                                                   DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* | |

*Check one box below to indicate appropriate method of service*

**G**  Served personally upon the defendant.  Place where served: _____

**G**  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

**G**  Returned unexecuted: _____

**G**  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                  Date                 *Signature of Server*

                                _____
                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

### WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

### WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMIR KHAN                                      )
1611 Courtney Landings Dr., Apt. 9207           )
Charlotte, NC 28217                             )
Plaintiff,                                      )
v.                                              )          COMPLAINT FOR MANDAMUS
PAUL NOVAK, Director                            )          UNDER 28 U.S.C. §1361
Vermont Service Center                          )
U.S. Department of Homeland Security,           )          CIVIL ACTION NO.
U.S. Citizenship and Immigration                )
Services, in his official capacity,             )
as well as his successors and assigns,          )          CASE NUMBER  1:07CV00166
75 Lower Welden Street                          )
St. Albans, VT 05479-0001                       )          JUDGE: Rosemary M. Collyer
        and                                     )
EMILIO GONZÁLEZ,                                )          DECK TYPE: Administrative Agency Rev
Director, U.S. Citizenship &                    )
Immigration Services, in his                    )          DATE STAMP: 01/24/2007
official capacity, as well as his               )
successors and assigns,                         )
20 Massachuseetts Ave., N.W.                    )
Washington, DC 20529                            )
        and                                     )
ROBERT S. MUELLER, III, Director,               )
Federal Bureau of Investigation,                )
in his official capacity,                       )
as well as his successors and assigns,          )
J. Edgar Hoover Building                        )
935 Pennsylvania Avenue, N.W.                   )
Washington, DC 20535-0001                       )
        Defendants.                             )

## I. INTRODUCTION

1.      This is a civil action brought to compel Defendants and those acting under the

Defendants' direction to adjudicate the application for adjustment of status filed pursuant to §245

of the Immigration and Nationality Act, 8 U.S.C. §1255, by Plaintiff on June 3, 2004 and also to

adjudicate the petition for extension of H-1B status filed on March 31, 2006.  The Defendants

have failed to timely adjudicate either the application for adjustment of status or application for extension of stay to the significant detriment of the Plaintiff as set out below.

## II. JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1361 and §1331. This action is filed in response to unreasonable agency delay and failure to act on Plaintiff's adjustment of status application and application for extension of stay in violation of the Administrative Procedures Act ("APA") under 5 U.S.C.A. §702, as well as the failure to perform the mandatory duty to adjudicate the applications. Venue is properly with this Court because Defendant, Gonzalez who is sued in this official capacity is resident in Washington, DC. A substantial part of the events or omission giving rise to the claim occurred within this judicial district. Therefore, venue is proper under 28 U.S.C. §1391(e)(1).

3.      Plaintiff is an adult individual who resides at 1611 Courtney Landings Drive, Apt. 9207, Charlotte, NC 28217. He is lawfully in the U.S. pursuant to the previous grant of nonimmigrant status and application for adjustment of status to permanent residence and extension of his nonimmigrant status.

4.      Paul Novak is the District Director of the Vermont Service Center of the U.S. Citizenship and Immigration Service (USCIS) who is sued only his official capacity, as well as his successors and assigns. Plaintiff has filed his application for adjustment of status with that office and the office retains jurisdiction over the application. The USCIS, through the Vermont Service Center, has a mandatory duty to act on the application for adjustment of status within a reasonable period of time.

5.      Emilio Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS) who is also sued only his official capacity, as well as his successors and

assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the adjudication of immigrant visa petitions as well as applications for permanent residence status under §245 of the Immigration and Nationality Act (INA).

6.    Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation, who is also sued only his official capacity, as well as his successors and assigns, whose duties include ensuring timely completion of all requests made by the USCIS for security clearances. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

### III. BACKGROUND

7.    Plaintiff is eligible for adjustment of status as a beneficiary of an approved Immigrant Petition for Alien Worker, pursuant to Section 204(a)(1)(F) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1154(a)(1)(F), as well as having filed on June 3, 2004, an application for adjustment of status to permanent residence. Plaintiff meets all of the requirements for adjustment of status to lawful permanent residence status.

8.    On June 3, 2004, the plaintiff filed an Application for Adjustment of Status pursuant to §245 of the INA, 8 U.S.C. §1255, to obtain lawful permanent residence status. He was at that time in fully lawful status in the H-1B category. See §101(a)(15)(H), 8 U.S.C. §1101(a)(15)(H), as well 8 C.F.R. §214.2(h). He was and remains fully eligible for adjustment of status to permanent residence.

9.    On March 31, 2006, a petition was filed on his behalf by his employer, The Vanguard Group to extend his stay in the United States. As part of the same petition, the Plaintiff applies for an extension of stay. There is no issue regarding the petition filed by the

employer. The sole reason for the failure to approve the extension of stay relates to the failure of

the Defendants to complete the required security clearance that pertains to the extension of stay

request.

10.    The adjudication procedure involves the applicant's submission of the

Application for Adjustment of Status. At the time of the filing of the application by the Plaintiff,

that application was properly filed with the Vermont Service Center. It is the duty of the

Vermont Service Center to timely adjudicate the application.

11.    The Plaintiff has complied with all requests made by the USCIS to complete

all of the necessary biometrics appointments as required. He has provided all of the information

requested by the agency and has complied with all of the appointment notices.

12.    Plaintiff, through legal counsel, has made repeated inquiries regarding the

status of the Application for Adjustment of Status and Extension of Stay. The Plaintiff's

counsel has been repeatedly advised that the only reason why the application for adjustment of

status and extension of stay has not been approved is the failure to complete the required security

checks. The current processing time on this type of petition/application is 63 days. It is the duty

of the defendants and in particular, the Defendant, Robert Mueller, III to timely complete the

security clearance process.

13.    It is the stated goal of the USCIS to complete all adjudication within six

months. Currently, the current listed processing time for the Vermont Service Center for

application of this type is approximately 10 to 11 months.

### IV. STATUTORY AND REGULATORY FRAMEWORK

14.    The APA provides a remedy to "compel agency action unlawfully withheld or

unreasonably delayed." 5 U.S.C. §706(1).

15.     Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361.

## V. CLAIM FOR RELIEF

16.     Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating the application for adjustment of status and application for extension of stay thereby depriving Plaintiff of his right to lawful permanent residence status and extension of his H-1B status. Defendant, Mueller has failed to timely process the required security checks for the Plaintiff. Failure to adjudicate these applications denies the Plaintiff permanent residence status and the accrual of time to apply for U.S. citizenship, as well as the ability to continue his employment with The Vanguard Group.

17.     Defendants owe Plaintiff the duty to act upon his application for adjustment of status and have unreasonably failed to perform that duty.

18.     Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay.

WHEREFORE, Plaintiff prays that the Court:

(1)     Compel Defendants and those acting under them to perform their duty to adjudicate the application for adjustment of status owed to Plaintiff;

(2)     Grant such other and further relief as this Court deems proper under the circumstances; and

(3)    Grant attorney's fees and costs of court.


Thomas A. Elliot, Esquire
Suite 1250
1629 K Street, N.W.
Washington, DC  20006
202-429-1725
D.C. Bar # 259713


Lawrence H. Rudnick
Steel, Rudnick and Ruben
Attorney for Plaintiff
1608 Walnut Street, Suite 1500
Philadelphia, PA  19103
(215) 546-4333

Date:   January 17, 2007

Rev. 4/06

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
# ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers **(not including summons and civil cover sheets)**. Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is <u>mandatory</u>.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.



COLLYER, J. RMC

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### ELECTRONIC CASE FILES
### Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name _____  ____  _____

Last four digits of Social Security Number _____

DC Bar ID#: _____

Firm Name _____

Firm Address _____
_____
_____

Voice Phone Number _____

FAX Phone Number _____

Internet E-Mail Address _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.  This system is for use only in cases permitted by the *U.S. District Court for the District of Columbia.* It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2.  Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3.  An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance. An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case. The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4.  Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively, you may be required to appear in person to receive your new password.**

5.  Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.

Please return this form to:

U.S. District Court for the District of Columbia
Attn:   Attorney Admissions
333 Constitution Avenue NW, Room 1825
Washington, DC  20001

Or FAX to:

Peggy Trainum
U.S. District Court for the District of Columbia
(202) 354-3023

Applicant's Signature     _____

_____     _____     _____
Full Last Name              Initial of     Last 4 Digits SS#
                            First Name

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SAMIR KHAN** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.** |
| | ) | **1:07-CV-00166(RMC)** |
| **PAUL NOVAK, Director, Vermont** | ) | |
| **Service Center, United States** | ) | |
| **Citizenship & Immigration Services,** | ) | |
| **et al.** | ) | |
| **Defendants.** | ) | |

**ORDER**

      AND NOW, this _____ day of _____, upon consideration of

Defendants' Motion for Extension of Time to File Answer, it is hereby ORDERED that

the Motion for Extension of Time to File an Answer, as stated, is DENIED.

 

                              _____

                              Rosemary M. Collyer
                              United States District Judge